UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FIELD McCONNELL, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 08-1600 (RMC) |
| AIR LINE PILOTS' ASSOCIATION, INTERNATIONAL, | ) ) ) ) | |
| Defendant. | ) ) ) | |

MEMORANDUM OPINION

Pilot Field McConnell alleges that the Air Line Pilots' Association, International ("ALPA") breached its duty of fair representation by failing to represent him properly in the grievance process with his former employer, Northwest Airlines, Inc. ("NWA"). ALPA[1] filed a motion to dismiss: (1) for failure to state a claim; (2) as time-barred under the statute of limitations; and (3) due to insufficient service of process. The motion will be denied without prejudice.

On a motion to dismiss, a court must treat the complaint's factual allegations — including mixed questions of law and fact — as true, drawing all reasonable inferences in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003). Courts are hesitant to grant a motion to dismiss based on the statute of limitations unless the facts that give rise to the defense are clear on the face of the complaint. *Smith-Haynie v. Dist. of Columbia*, 155 F.3d 575, 577-78 (D.C. Cir. 1998).

---

[1] ALPA is the collective bargaining representative of pilots employed by NWA; it is a labor organization under the Railway Labor Act ("RLA"), 45 U.S.C. §§ 151-188.

Here, Mr. McConnell has stated a claim for breach of the duty of fair representation but the Court has insufficient facts to determine whether the statute of limitations passed before he filed suit, as ALPA claims. Mr. McConnell alleges that NWA required him to undergo a medical exam pursuant to the collective bargaining agreement. The collective bargaining agreement provided:

> If the Company has reasonable cause to believe that a pilot has developed a medical impairment to his ability to perform his duties between the routine medical examinations required by the Federal Aviation Administration (FAA), the Company may require said pilot to submit to a medical examination from a non-AME[2] medical doctor chosen by the Company.

Compl. ¶ 8 (referring to CBA § 15, ¶ B.1). Mr. McConnell objected, asserting that NWA lacked reasonable cause to order such a medical exam, and he sought assistance from ALPA. Compl. ¶ 9. ALPA allegedly provided no help. *Id*. Despite his objection, Mr. McConnell complied with the ordered medical exam. He passed but he was referred for examination by a psychiatrist, a psychiatrist "known" to disqualify pilots. *Id*. ¶ 18. He did not attend the appointment with the psychiatrist because, he claims, he was never notified of the appointment. *Id*. ¶ 20. Since he missed the appointment, Mr. McConnell was "constructively" discharged on March 13, 2007. *Id*. ¶ 30. On June 7, 2007, the ALPA Minneapolis/St. Paul Field Office directed Mr. McConnell to file a grievance. He did so, but again ALPA allegedly failed to take effective action on his grievance. *Id*. ¶ 10. On September 17, 2008 Mr. McConnell filed the Complaint alleging ALPA breached its duty of fair representation by failing to pursue his grievance against NWA.

Duty of fair representation claims made under the RLA are subject to a six-month

---

[2] An AME doctor is an aero medical doctor certified by the Federal Aviation Administration to determine pilots' fitness for flying. Compl. ¶ 12.

statute of limitations originally found in Section 10(b) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 160(b).  *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169-72 (1983) (six-month limitations period found in the NLRA applies to hybrid suit against the union and the employer); *see also George v. Local 639*, 100 F.3d 1008, 1014 (D.C. Cir. 1996) (six-month statute of limitations applies to suits where only the union is sued).  In a duty of fair representation case such as this, the statute of limitations began running when Mr. McConnell knew or should have known that ALPA had stopped pursuing his grievance.  *Cephas v. MVM, Inc.*, 520 F.3d 480, 488 (D.C. Cir. 2008) (citing *Sanders v. Hughes, Aircraft Co.*, 26 F.3d 132 (Table), 1994 WL 227971 (9th Cir. 1994)); *see also Watkins v. Commc'n Workers of Am.*, 736 F. Supp. 1156, 1160 (D.D.C. 1990) (timeliness is measured from when the employee knew or should have known of the last action taken by the union which constituted the breach of duty of fair representation).

The duty of fair representation claim in this case is based on ALPA's alleged failure to pursue Mr. McConnell's grievance filed on or after June 7, 2007.  Mr. McConnell had six months from the time he knew or should have known that ALPA stopped pursuing his grievance to bring suit.  The pleadings do not indicate when that was; thus, the Court cannot determine whether a statute of limitations defense applies.

ALPA also seeks dismissal for insufficient service of process.  Because ALPA is an association, service under Federal Rule of Civil Procedure 4(h)(B) is required.  Rule 4(h)(B) authorizes service by delivering a copy of the summons and complaint to an officer, a managing or general agent, or another agent authorized by appointment or by law to receive service.  Mr. McConnell attempted service by certified mail, which was received by an administrative

employee of ALPA, not by an officer, managing or general agent or an agent appointed to receive service. Thus, the Court will require Mr. McConnell to serve ALPA pursuant to Rule 4(h)(B).

Accordingly, ALPA's motion to dismiss [Dkt. # 7] will denied without prejudice. Mr. McConnell shall properly serve the Complaint and summons no later than April 6, 2009. A memorializing order accompanies this Memorandum Opinion.


Date: March 23, 2009                                  /s/
                                            ROSEMARY M. COLLYER
                                            United States District Judge