UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FIELD MCCONNELL, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>AIR LINE PILOTS ASSOCIATION, )<br>INTERNATIONAL, )<br>)<br>  Defendant. )<br>_____) | Civil Action No. 1:08-cv-01600-RMC |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

1. Defendant denies the allegations in paragraph 1.

2. Defendant admits that Plaintiff was employed as an airline pilot for Northwest Airlines until he retired in March 2007. Defendant lacks knowledge about all other allegations in paragraph 2 and therefore denies them.

3. Defendant admits the allegations in the first two sentences of paragraph 3. ALPA represents over 54,000 pilots in the United States and Canada. Defendant admits that its Engineering and Air Safety Department tracks certain airline safety and security issues in the context of the commercial aviation environment and admits that ALPA staff and pilot volunteers participate in accident investigations under the jurisdiction of the National Transportation Safety Board and the Transportation Safety Board of Canada, including participation during accident site investigations and associated public hearings, but denies the remaining allegations of paragraph 3.

4. There is no paragraph numbered 4 in the Complaint.

5. Defendant denies the allegations in the first sentence of paragraph 5. Defendant admits that if this Court has jurisdiction, then venue in this Court is proper, but denies the remaining allegations in paragraph 5.

6. Defendant admits the allegations in the first two sentences of paragraph 6. Plaintiff admits that Section 19 of that contract is titled "Discipline and Discharge" and governs the rights of Northwest Airlines and the rights of Plaintiff with respect to any disciplinary action taken against Plaintiff but denies the remaining allegations of paragraph 6.

7. Defendant admits that Plaintiff was formerly employed as a pilot for NWA but denies the remaining allegations of paragraph 7.

8. Defendant denies the allegations in paragraph 8.

9. Defendant denies the allegations in paragraph 9.

10. Defendant denies the allegations in paragraph 10.

11. Defendant admits that Section 19 of the collective bargaining agreement between the Air Line Pilots Association ("ALPA") and Northwest Airlines (the "CBA" or the "Contract") is titled Discipline and Discharge and that Section 19.A.3 establishes a procedure by which a pilot who has been disciplined may request a hearing but denies that Plaintiff has fully described the required procedure in the first sentence of paragraph 11. Defendant denies the second sentence of paragraph 11. Defendant admits that ALPA attorney Rob Plunkett suggested Plaintiff meet with him before Plaintiff went to see Dr. Isaksen and that they did meet but denies that it directed Plaintiff to attend a meeting in the Minneapolis Field office. Defendant lacks knowledge

of the allegations in the fourth sentence of paragraph 11 and therefore denies them. Defendant admits that the ALPA Attorney requested that a member of the ALPA Safety Committee at NWA also sit in the conference room with Rob Plunkett and Plaintiff as Plaintiff explained his safety issues to each of them but denies the other allegations in the fifth sentence of paragraph 11. Defendant denies the allegations in the sixth sentence of paragraph 11. Defendant admits that after meeting with the ALPA attorney and the ALPA Safety Committee member, Plaintiff left and stated he was going for a physical appointment with Dr. Isaksen but lacks knowledge of the remaining allegations in the seventh sentence of paragraph 11 and therefore denies them.

12. Defendant denies the allegations in paragraph 12.

13. Defendant lacks knowledge of the allegations in paragraph 13 and therefore denies them.

14. Defendant admits that Plaintiff had been on extended sick leave at the time of the allegedly scheduled physical examination but denies the remaining allegations in paragraph 14.

15. Defendant denies the allegations in paragraph 15.

16. Defendant denies the allegations in paragraph 16.

17. Defendant lacks knowledge of the allegations in paragraph 17 and therefore denies them.

18. Defendant admits that by letter of March 13, 2007, NWA directed Plaintiff to submit to a medical examination but lacks knowledge of the other allegations in paragraph 18 and therefore denies them.

19. Defendant admits that NWA scheduled an appointment for Plaintiff to undergo an examination by Dr. Robert Elliott but lacks knowledge of the remaining allegations in paragraph 19 and therefore denies them.

20. Defendant admits the allegation in the first sentence of paragraph 20. Defendant lacks sufficient knowledge with respect to the allegations in the second and third sentences of paragraph 20 and therefore denies them. Defendant admits the fourth sentence of paragraph 20.

21. Defendant lacks knowledge of the allegations in the first and second sentences of paragraph 21 and therefore denies them. Defendant denies the allegations in the third sentence of paragraph 21.

22. Defendant denies the allegations in paragraph 22.

23. Defendant lacks knowledge of the allegations in paragraph 23 and therefore denies them.

24. Defendant admits that ALPA attorney Rob Plunkett requested David Driscoll, Senior Labor Counsel-Flight at Northwest Airlines, to produce a copy of any letter from Northwest Airlines directing Plaintiff to see Dr. Elliott on March 1, 2007, and has no knowledge of Driscoll ever producing such a letter. Defendant lacks knowledge of the remaining allegations in paragraph 24 and therefore denies them.

25. Defendant lacks knowledge of the allegations in paragraph 25 and therefore denies them.

26. Defendant lacks knowledge of the allegations in paragraph 26 and therefore denies them.

27. Defendant lacks knowledge of the allegations in paragraph 27 and therefore denies them.

28. Defendant lacks knowledge of the allegations in paragraph 28 and therefore denies them.

29. Defendant lacks knowledge of the allegations in the first sentence of paragraph 29. Defendant admits that a meeting took place on January 31, 2007 in which Plaintiff informed ALPA attorney Rob Plunkett and the ALPA Air Safety Representative of some of his beliefs and concerns with respect to QRS11s and that Plaintiff has sent ALPA numerous emails on that subject, but denies the remaining allegations in paragraph 29.

30. Defendant admits that Plaintiff was dropped from the payroll of NWA from March 2 through March 13, 2007, based on the allegation that Plaintiff failed to report for a scheduled medical examination but denies the remaining allegations in paragraph 30.

31. Defendant denies the allegations in paragraph 31.

Defendant denies all other allegations in the Complaint including any and all allegations in the paragraph beginning with the word "WHEREFORE."

AFFIRMATIVE DEFENSES

1. Plaintiff's claim is untimely as it was filed outside the applicable statute of limitations.

2. Plaintiff has failed to state a claim upon which relief can be granted.

3. Plaintiff's claims are barred by laches.

4. Defendant reserves the right to add or amend these defenses as may be warranted as a result of further investigation and discovery.

Dated: June 1, 2009              Respectfully submitted,


/s/ James W. Johnson_____
James W. Johnson (D.C. Bar # 330456)
Suzanne L. Kalfus (D.C. Bar # 430178)
AIR LINE PILOTS ASSOCIATION, INT'L
LEGAL DEPARTMENT
535 Herndon Parkway
Herndon, VA 20170
Telephone: (703) 689-4324
Facsimile: (703) 481-2478
Email: James.Johnson@alpa.org
Email: Suzanne.Kalfus@alpa.org

## Certificate of Service

I hereby certify that on this 1st day of June, 2009, the foregoing **Defendant's Answer to Plaintiff's Complaint** was served by the Court's Electronic Case Filing System and by postage prepaid, first class mail, to:

> James A. Butler, Esq.
> Butler Legal Group, PLLP
> 818 18th Street, NW, Suite 630
> Washington, DC  20006
>
> James A. DeVita
> Butler Legal Group, PLLP
> 818 18th Street, NW, Suite 630
> Washington, DC  20006

/s/ James W. Johnson___
James W. Johnson