UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FIELD McCONNELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-1600 (RMC) |
| ) | |
| AIR LINE PILOTS' ASSOCIATION, ) | |
| INTERNATIONAL, ) | |
| ) | |
| Defendant. ) | |

ORDER

Defendant moved for summary judgment in this case. Because the motion could potentially dispose of this case, the Court will advise the *pro se* Plaintiff of a plaintiff's obligations under the Federal Rules of Civil Procedure and the rules of this Court. *See Fox v. Strickland,* 837 F.2d 507 (D.C. Cir. 1988); *Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir. 1992).

Plaintiff's attention is directed to Rule 56 of the Federal Rules of Civil Procedure, which states in pertinent part:

> (a) Motion for Summary Judgment or Partial Summary Judgment
> A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.
>
> . . .
>
> (c) Procedures
>
> (1) A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record . . . or;
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> . . .
>
> (e) Failing to Properly Support or Address a Fact
> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) *grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it*; or
>
> (4) issue any appropriate order.

Fed. R. Civ. P. 56(a), (c) & (e) (emphasis added).

Motions for summary judgment are also governed by Local Civil Rule 7(h), which provides as follows:

> Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement.  An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement . . . . *In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are*

> *admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.*

LCvR 7(h) (emphasis added).  In other words, the Court will accept as true any factual assertions contained in affidavits or attachments submitted by Defendant in support of its motion unless Plaintiff submits affidavits or documentary evidence showing that the defendants' assertions are untrue.  *See Neal,* 963 F.2d at 456.

Further, Plaintiff's attention is directed to Local Civil Rule 7(b), which states:

> Within . . . such . . . time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion.  If such a memorandum is not filed within the prescribed time, the court may treat the motion as conceded.

LCvR 7(b).  That is, the Court may treat as conceded any motion not timely opposed.  Thus, failure to respond to the Defendant's motion in this case carries with it the risk that the case will be dismissed.

Accordingly, it is hereby **ORDERED** that Plaintiff shall file a response to Defendant's motion for summary judgment [Dkt. # 28] no later than <u>January 13, 2011</u>.  If Plaintiff does not respond by that date, the Court may treat the motion as conceded and dismiss the case.

Date: December 13, 2010                      /s/
                                            ROSEMARY M. COLLYER
                                            United States District Judge